UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TORKIEH SADAGHEH,

       Petitioner,

  -v-                                     No.  12CV184-LTS-GWG

PHILIP HEATH, et al.,

       Respondents.

-------------------------------------------------------x

<u>MEMORANDUM ORDER ADOPTING REPORT AND RECOMENDATION</u>

Magistrate Judge Gabriel W. Gorenstein has issued a Report and Recommendation (the "Report") recommending that the Court deny the petition for a writ of habeas corpus (the "Petition") of Torkieh Sadagheh ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner is a New York state prisoner serving concurrent custodial terms of 15 years imposed following pleas of guilty to rape and attempted rape charges.  In his Petition, Petitioner asserts that he is entitled to habeas corpus relief because he was denied the effective assistance of counsel in that his trial counsel (1) failed to advise him before he entered his guilty plea of a mandatory supervised release penalty and (2) failed to advise him of his "right" to withdraw the guilty plea on the basis of the failure of advice concerning the supervised release penalty.

Petitioner timely filed an objection to the Report (the "Objection").  The Court has thoroughly reviewed the Report, the Objection, and the relevant filings.

Petitioner raises three objections to the Report.  Petitioner argues that the report: (1) reaches improper "evidentiary" conclusions based on the state court record and that this Court should grant Petitioner an evidentiary hearing concerning claims, made in connection with

his state court motion to withdraw his plea, of threats against his family, coercion by his attorney, belated comprehension of the availability of a defense to the rape charges, and other circumstances that rendered his guilty plea involuntary and uninformed, (2) wrongly concludes that knowledge of the supervised release penalty would not have affected Petitioner's decision as to whether to plead guilty because he would have been ineligible for relief from automatic deportation, and (3) errs in rejecting Petitioner's ineffective assistance argument based on the decision of the New York State Court of Appeals in People v. Catu, 4 N.Y. 3d 242 (2005). (See Objection at 1.)

In reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012).

The district court must review de novo the portions of the Report to which timely objections have been made. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). Objections to a report and recommendation "are to be specific and are to address only those portions of the proposed findings to which the party objects." Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error. See Zamudio-Berges v. United States, No. 08 Civ. 8789, 2013 WL 2896978, at *3 (S.D.N.Y. June 13, 2013); Camardo, 806 F. Supp. at 382. When the objections raised are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition [they] will not suffice to invoke de novo review." See Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

The Court has reviewed each of Petitioner's objections de novo, except as indicated otherwise below. They are overruled, and the Petition is denied, for the following reasons. The relevant facts are set forth in the Report.

Petitioner's Point 1: Objection Concerning "Evidentiary" Conclusions

*Failure to Entertain Petitioner's Contention that His Plea Was Coerced and That He was Uninformed as to an Available Defense*

Citing Petitioner's assertions in a pro se affidavit filed with the state court before his sentencing that Petitioner, inter alia, "was not fully aware of the circumstances involved when he made [his] guilty plea and that [even though the state Court may have] . . . given instruction . . . as to certain elements of his legal rights, such instructions were not fully understood," that Petitioner had pleaded "guilty for reasons which are outside the record of the proceedings," and that he was unaware at the time of the plea that he had a potentially "meritorious defense," Petitioner argues that the Report improperly fails to engage the proposition that there is a question as to Petitioner's actual guilt, and requests an evidentiary hearing. (Objection at 2-4.)

As explained in the Report, the state court addressed these matters at Petitioner's sentencing hearing and rejected Petitioner's factual contentions and his request for further evidentiary proceedings, for reasons set forth at length on the record. (See Report at 6-9; transcript of sentencing, Docket Entry No. 1 at 73-109.)

The Report properly declined to address these contentions, which were not even raised in the habeas corpus Petition or argued in Petitioner's memoranda in support of the Petition. Furthermore, in considering a habeas petition brought by a person in custody pursuant to a judgment of a state court, "a determination of a factual issue made by a State court shall be

presumed to be correct." Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.S. § 2254(e)(1) (LexisNexis 2008). Petitioner has never offered anything more than his own conclusory affidavit and his attorneys' unsworn assertions in aid of his allegations of impropriety; he has failed entirely to establish grounds for an evidentiary hearing concerning these allegations. Nor has he demonstrated that the state court's conclusion that he was not entitled to withdraw his plea was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the decision was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C.S. §2254(d) (LexisNexis 2008).

*Other "Evidentiary" Objections*

Petitioner complains in a conclusory fashion that the Report contains unfounded "evidentiary" conclusions, and requests "an evidentiary hearing to vet fully each of these conclusions along with Petitioner's uninformed decision to plead guilty." (Objection at 4.) Petitioner asserts that the Report errs in that it: concludes, based on the transcript of the state court proceedings, that the trial judge informed Petitioner of the consequences of the guilty pleas, including the supervised release penalty; accepts and acknowledges the state court's factual conclusion that trial counsel represented Petitioner aggressively; concludes that the state court record lacked sufficient evidence to raise a factual issue concerning Petitioner's contention as to deficient interactions with his trial counsel; and improperly accepts trial counsel's representation, reflected in the record of the state court proceedings, that he had discussed post-release supervision with Petitioner.

These additional "evidentiary" objections raised by Petitioner, which challenge the Report's reliance on legal and factual conclusions reached by the state court or conclusions drawn from the state court record, are entirely unmeritorious.

Petitioner's Point 2: Conclusion Concerning Consequence of Petitioner's Immigration Status

In the course of its discussion of the lack of factual proper foundation for Petitioner's claim that he would not have pleaded guilty had he known that he would be subject to a mandatory term of supervised release, the Report characterizes as "objective evidence" that such knowledge would not have affected Petitioner's decision the Report's legal conclusion that, as a non-citizen, Petitioner would have been subject to "'unavoidable, automatic deportation.'" (Report at 22 (citation omitted).)  In his Objection, Petitioner points out that Immigration Court proceedings would necessarily have preceded actual deportation and, invoking a line of authority from the Third, Fourth, and Fifth Circuits, argues that Petitioner might have had plausible grounds for seeking discretionary relief from deportation notwithstanding the generally-recognized statutory bar to such relief for aggravated felons.  This Court need not engage Petitioner's speculation as to how the possible existence under certain circumstances of an argument that he was entitled to a discretionary decision as to whether he should be spared deportation would have affected his decision as to whether to plead guilty.  As explained in the Report, the state court record makes it clear that both the court and defense counsel informed Petitioner of supervised release and potential deportation prior to the conclusion of the plea proceeding.  Petitioner has proffered no non-conclusory evidence to the contrary.  Nor has Petitioner proffered any non-conclusory evidence of prejudice arising from counsel's alleged failure to inform him of the supervised release penalty before Petitioner tendered his guilty plea.

(See Report at 17-22.)  These are sufficient reasons for rejection of Petitioner's ineffective assistance claim concerning advice of the supervised release penalty.

Point 3: Rejection of Petitioner's Arguments Based on People v. Catu, 4 N.Y.3d 242 (2005)

The Report rejects Petitioner's argument that Catu, which was decided on New York state law grounds, compels the vacatur of Petitioner's plea because Petitioner was not advised of post-release supervision until after the portion of the proceeding in which he had tendered his guilty plea, concluding, among other things, that no clearly established federal law required a state court judge to advise a defendant of mandatory post-release supervision before accepting a guilty plea. (See Report at 24.)  Petitioner now asserts that the thrust of his reliance on Catu was a contention that Catu created a liberty interest and that the state court "implicated a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation" when it refused to allow Petitioner to withdraw his plea.  This argument was suggested for the first time in a two-sentence footnote in Petitioner's reply brief (see Reply Br. at 6 n.1) and is reiterated without further elaboration in two sentences in the Objection.  (See Objection at 8.)  The Court finds no clear error in the Report's treatment of Petitioner's Catu argument.

CONCLUSION

For the foregoing reasons, the Court adopts the thorough and well-reasoned Report, with the exception of the full paragraph on page 22 thereof, and the Petition for writ of habeas corpus is denied. The Clerk of the Court is requested to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: New York, New York
         March 18, 2015

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge