UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

TORKIEH SADAGHEH,

        Petitioner,

  -v-                                           No. 12 CV 184-LTS-GWG

PHILIP HEATH et al.,

        Respondents.

-------------------------------------------------------x

MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

On October 16, 2017 Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation (the "Report," Docket Entry No. 25) recommending that the Court deny the motion of Torkieh Sadagheh ("Petitioner") for relief from a final judgment (the "Motion"), which is brought pursuant to Federal Rule of Civil Procedure 60(b)(1). (Docket Entry No. 21.) The Court has received a letter from Petitioner, dated October 20, 2017 (Docket Entry No. 27), requesting that it construe his reply submission on the Motion, dated October17, 2017 and filed on October 20, 2017, as his objection to Judge Gorenstein's Report. (Reply, Docket Entry No. 26.) The Court deems Petitioner's submission a timely objection to the Report. The Court has also received and reviewed a further letter from Petitioner, dated December 8, 2017. (Docket Entry No. 28.) Petitioner appears in these proceedings pro se.

On August 31, 2017 Petitioner filed the instant Motion challenging this Court's March 18, 2015 Memorandum Order that adopted an earlier Report and Recommendation by Magistrate Judge Gorenstein and dismissed Sadagheh's petition for a writ of habeas corpus. See Sadagheh v. Heath, No. 12 CV 184 LTS GWG, 2013 WL 1804976 (S.D.N.Y. Apr. 30, 2013),

report and recommendation adopted in part, rejected in part, 2015 WL 1239871 (Mar. 18, 2015). Judge Gorenstein's current Report recommends denial of the Motion as untimely and procedurally inappropriate. See Report. The Court has reviewed the submissions of both parties carefully and, for the following reasons, adopts the Report.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must make a de novo determination insofar as a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If, however, the objecting party makes only conclusory or general objections, or simply attempts to re-litigate his original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 CV 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). Although a pro se litigant's arguments must be liberally construed, he must still make specific objections "clearly aimed at particular findings in the magistrate's proposal." Pinkney v. Progressive Home Health Servs., No. 06 CV 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), aff'd, 367 F. App'x 210 (2d Cir. 2010).

In his Reply, which was filed after the Report and incorporated by reference as Petitioner's objection, Petitioner generally reargues the merits of his original motion, but does state that his former counsel in this habeas proceeding did not supply him with a copy of the March 18, 2015, judgment, of which he only became aware at a deportation hearing. (Reply at 4.) Petitioner appears to argue that, despite the one-year time limit in which to bring a Rule 60(b)(1) motion, the Court should construe his Motion as timely due to his having had no notice of the judgment. Fed. R. Civ. P. 60(c)(1). The Court reviews this objection de novo.

The one-year "time limit is jurisdictional and district courts do not have the discretion to extend the period of limitation." Williams v. 563-569 Cauldwell Assocs. LLC, No. 10 CV 09 (DAB), 2013 WL 1344672, at *2 (S.D.N.Y. Mar. 28, 2013) (quoting Lugo v. Artus, No. 05 CV 1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan.31, 2008). Petitioner's citation to Wallace v. McManus, 776 F.2d 915 (10th Cir. 1985), is inapposite because that case did not involve an untimely Rule 60(b) motion, but rather the interaction of Rule 60(b) and Federal Rule of Appellate Procedure 4(a)(1). Because the Judgment was entered on March 18, 2015 and Petitioner filed the Motion on August 31, 2017, the Motion is denied as untimely.

Petitioner's December letter generally reargues the merits of his original motion. The Court finds no clear error in the Report.

For the foregoing reasons, the Court adopts the Report in its entirety. Petitioner's Motion is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Docket Entry No. 21 is hereby resolved.

SO ORDERED.

Dated: New York, New York
February 16, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Torkieh Sadagheh
ID # 09-A-5244
Gouverneur Correctional Facility
P.O. Box 480
Gouverneur, NY 13642